IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDMUNDO ESPINOZA, AN INDIVIDUAL, | § § § | |
| PLAINTIFF, | § § | Case No. 19-CV-1805-E-BK |
| V. | § § § | |
| STEVEN EUGENE HUMPHRIES, AKA STEVEN HUMPHRIES AND STEVEN H. HUMPHRIES, AN INDIVIDUAL, | § § § § § § | |
| DEFENDANT. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 23 Defendant's *Motion to Vacate Clerk's Entry of Default Judgment*, Doc. 17, is now before the Court for findings and a recommended disposition. As stated here, the motion should be **DENIED**.

### I. BACKGROUND

Plaintiff filed his *Civil Complaint for Damages* in July 2019, invoking diversity jurisdiction. Doc. 1. Plaintiff alleged Texas state law claims of suit on sworn account and quantum meruit. Doc. 1 at 2-5. Plaintiff's Affidavit of Service and supporting Declaration and documents reveal that during Plaintiff's first attempt at service upon Defendant, the process server left her card on the door for Defendant to call her back. Doc. 9-1 at 8; Doc. 11 at 3 . Three days later, Defendant contacted the process server, who informed Defendant that she was

attempting to serve court civil process.  Doc. 9-1 at 8; Doc. 11 at 3.  Defendant responded that he did not live at the service address anymore because he was with his terminally ill mother.  Doc. 9-1 at 8; Doc. 11 at 3.  Defendant also claimed he would be out of the country until November, but the process server later learned that a neighbor saw him in the building.  Doc. 9-1 at 8-9; Doc. 11 at 3.  Several days later, Defendant allegedly told the server, "I know that you have to serve personally.  Good luck."  Doc. 11 at 3.  Plaintiff subsequently made more than 20 additional attempts at personal service between August 2019 and October 2019, but never successfully personally served Defendant.  Doc. 9-1 at 13-5; Doc. 11 at 4.

In November 2019, Plaintiff petitioned this court for a 45-day extension to serve Defendant via constructive service by publication.  Doc. 11 at 9.  The Court granted the extension, Doc. 13, and Plaintiff then published a Notice of Action in the Santa Rosa Press Gazette, the newspaper for Santa Rosa County, Florida, where he contends Defendant lives.[1]  Doc. 15-1 at 2.  The published Notice of Action specified that Defendant had until January 6, 2020 to serve written defenses, if any, to Plaintiff's suit.  Doc. 15-1 at 2.  After weekly publication of the Notice of Action four times between December 18, 2019 and January 8, 2020, and no response from Defendant, Plaintiff requested that the Clerk enter a default against Defendant.  Doc. 14; Doc. 15 at 2.  The Clerk entered a default against Defendant on January 24, 2020, Doc. 16 at 1, and five days later, Defendant, appearing *pro se*, filed this *Motion to Vacate the Clerk's Entry of Default Judgment*.  Doc. 17.

---

[1] Defendant alleges that he lives in Escambia County, which he suggests made Plaintiff's service by publication invalid.  Doc. 17 at 3; Doc. 21.  However, Defendant does not cite any authority for the proposition that the publishing newspaper must be in the defendant's county of residence, and this Court unaware of any.

## II. APPLICABLE LAW

Rule 55 of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  By virtue of having a default entered against him, the defendant is deemed to have admitted the well-pleaded allegations of the complaint.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  Rules 55(c) and 60(b) provide a district court with the ability to "set aside an entry of default or default judgment for 'good cause.'"  *Lacy v Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000).  In determining whether there is good cause, the court must consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."  *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992) (citation omitted).  These factors are "disjunctive" and "not exclusive," leaving courts free to consider other factors.  *Id*. at 184.  However, "[a] finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding."  *Lacy*, 227 F.3d at 292 (citation and internal quotation marks omitted).

## III. ANALYSIS

Defendant alleges that he had 20 days to respond to Plaintiff's complaint after the final publication of the Notice of Action in the newspaper — until January 28, 2020 — thus making the Clerk's entry of default four days premature.  Doc. 17 at 3.  Plaintiff alleges that he properly served Defendant via publication after he tried to personally serve Defendant 23 times.  Doc. 19 at 2-3.  Plaintiff asserts that Defendant has demonstrated neither good cause nor a meritorious defense as required to set aside the Clerk's entry of default and thus requests that this Court deny Defendant's motion to vacate.  Doc. 19 at 5-11.

3

The Federal Rules of Civil Procedure allow a Plaintiff to follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).  Pursuant to Florida law, Plaintiff's Notice of Action was published under Chapter 49 of the Florida Civil Rules of Practice and Procedure, which governs constructive service of process.  Defendant does not challenge the propriety of this procedure *per se* or Plaintiff's application of it, but rather, appears to argue that under Rule 12(a)(1) of the Federal Rules of Civil Procedure, he was entitled to 20 days (or 21 days, according to his reply brief) after the last date of publication to respond to Plaintiff's suit.  However, Defendant needed to respond pursuant to Florida's rules since Plaintiff chose to follow Florida's method of service when serving process via publication.  Under Florida's rules, the deadline for Defendant to respond to this suit was the published date of January 6, 2020.  Therefore, the Clerk did not prematurely enter the default.

This Court now turns to whether the default should be vacated.  When Plaintiff's process server initially attempted to serve Defendant, she alleged that Defendant said, "I know that you have to serve personally.  Good luck." Doc. 11 at 3.  Defendant does not deny this allegation in his motion to vacate. Doc. 19.  Defendant's statement amounts to an admission to the process server that it would be difficult to serve him, which suggests that Defendant's conduct and resulting default were willful.  *Matter of Dierschke*, 975 F.2d at 183.  Additionally, Defendant does not provide any defense in his motion to vacate, let alone a meritorious one.[2]  *See* Doc. 17 at 1-3; *Matter of Dierschke*, 975 F.2d at 183.  Given Defendant's evasion of service and lack of a meritorious defense, the Court does not find good cause to set aside the entry of default.

---

[2] Plaintiff does not address prejudice and Defendant states only in conclusory fashion that Plaintiff will suffer no prejudice if the default is vacated, so that factor is neutral.

## IV. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Vacate Clerk's Entry of Default Judgment*, Doc. 17, should be **DENIED**.

**SO RECOMMENDED** on August 19, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).