# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| EDMUNDO ESPINOZA, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-1805-E-BK |
| | § | |
| STEVEN EUGENE HUMPHRIES, | § | |
| AKA STEVEN HUMPHRIES AND | § | |
| STEVEN H. HUMPHRIES, | § | |
| | § | |
| DEFENDANT. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 23,

Defendant's *59(e) Motion to Alter or Amend*, Doc. 41, is before the undersigned United States

magistrate judge for findings and a recommended disposition. For the reasons stated below,

Defendant's motion should be **DENIED**.

## I.   BACKGROUND[1]

Plaintiff, a Texas citizen, filed his *Civil Complaint for Damages* against Defendant in

July 2019, invoking diversity jurisdiction based on Defendant's Florida citizenship. Doc. 1 at 1-

2. After dozens of attempts to effect personal service on Defendant, Plaintiff obtained leave of

court to serve Defendant via constructive service by publication. Doc. 11 at 4, 9; Doc. 13.

Plaintiff published the required notice, specifying that Defendant had until January 6, 2020 to

---

[1] Because the parties are familiar with the extensive efforts Plaintiff undertook to effectuate
service of process on Defendant, *see* Doc. 27 at 1-2, this section sets out only the facts most
pertinent to the resolution of this motion.

serve written defenses, if any, to Plaintiff's suit.  Doc. 15-1 at 2.  After the required publications, and lacking any response from Defendant, the Clerk entered a default at Plaintiff's request.  Doc. 16 at 1.

Five days later, Defendant filed a *pro se Motion to Vacate the Clerk's Entry of Default Judgment* pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[2]  Doc. 17.  The undersigned recommended that the motion to vacate the default be denied because, *inter alia*, Defendant had not raised any defense to the suit.[3]  Doc. 27 at 3.  When Defendant failed to file any objections, the district judge accepted the recommendation and denied his motion to vacate. Doc. 27; Doc. 29.  The Court then ordered Plaintiff to move for entry of a default judgment, Doc. 30, which he did, Doc. 31.

Defendant — now counseled — filed a response in opposition, again seeking to vacate the default and invoking Rule 55(c).  Doc. 32.  Subsequently, undersigned recommended that the motion be denied because (1) it largely constituted a Rule 54(b) request for reconsideration of the order denying his *pro se* motion and did not satisfy the applicable legal standard; and (2) Defendant had not established good cause under Rule 55(c) to vacate the default.  Doc. 36.  And after considering Plaintiff's causes of action and requested damages, the undersigned recommended that a default judgment be entered in Plaintiff's favor for a sum certain plus interest.  Doc. 36 at 9-14.  Over Defendant's objections, the district judge (1) denied his request

---

[2] The Court notes that Defendant erroneously relied on Rule 60(b) because that rule only applies when a party is seeking to vacate the entry of a default judgment, rather than just the Clerk's entry of a default.  *See* Fed. R. Civ. P. 55(c).  Under either rule, however, the movant must demonstrate "good cause" for relief.  *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000).

[3] While Defendant maintains that the Court erroneously considered his pre-service actions in recommending the entry of a default judgment, Doc. 41 at 4-5, he neglects to mention that the Court separately found that he did not proffer any defense in his original motion.  *See* Doc. 27 at 4 (citing *Matter of Dierschke*, 975 F.2d 181 (5th Cir. 1992)).

to vacate the default, and (2) entered a default judgment in Plaintiff's favor for $107,000.00 in damages and $665.72 in costs plus applicable interest.  Doc. 37; Doc. 39; Doc. 40.  Twenty-eight days later, Defendant filed the instant motion to alter or amend that order pursuant to Rule 59(e). Doc. 41.

## II.    APPLICABLE LAW

Rule 59(e) provides that a party may move to alter or amend a judgment within 28 days after its entry if (1) there has been an intervening change in controlling law; (2) there exists new evidence not previously available; or (3) there was a manifest error of law or fact.  *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (noting that a motion brought pursuant to Rule 59(e) must clearly establish either a manifest error of law or fact or present newly discovered evidence). Defendant invokes the third basis for relief.

A Rule 59(e) motion "calls into question the correctness of a judgment" and is not the proper vehicle to rehash evidence or assert new legal theories that were either previously raised or could have been offered earlier.  *See Templet*, 367 F.3d at 478-79.  Although courts have considerable discretion to grant or to deny a Rule 59(e) motion, this "extraordinary remedy" is used only "sparingly."  *Id.* at 483.  In deciding such a motion, the court considers various factors including whether the defendant's failure to act was the result of excusable neglect, whether setting aside the judgment would prejudice his adversary, and whether the defendant presents a meritorious defense.  *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).  The ultimate inquiry remains whether the moving party demonstrates good cause. *See id.*

## III. ANALYSIS

In his motion, Defendant continues to maintain that the Court should have set aside the Clerk's entry of default. Doc. 41 *passim*. His contentions to this effect, however, simply reiterate arguments he has already raised, and the Court declines to reconsider them *ad infinitum*.[4] That leaves Defendant's new argument, namely that the Court improperly construed his counseled motion to set aside the Clerk's default as a request for reconsideration of the order denying his *pro se* motion. Doc. 41 at 6-7. Rather, Defendant maintains, his second motion should have been addressed in the first instance as a Rule 55(c) motion to vacate the default. Doc. 41 at 6-7. Defendant is mistaken. While his *pro se* motion erroneously invoked only Rule 60(b), Doc. 17, the Court expressly considered both rules. Doc. 27 at 3-4. Either way, the same "good cause" standard applies. *Lacy*, 227 F.3d at 291-92. Defendant's subsequent, counseled motion which again invoked Rule 55(c) was thus duplicative and properly denied on those and the other grounds stated. *Templet*, 367 F.3d at 478-79. Finally, Defendant has still not presented any defense to Plaintiff's claims. This is grounds for denial of his current motion as well. *CJC Holdings, Inc.*, 979 F.2d at 64.

---

[4] The Court also writes to point out that Defendant never filed objections to the recommendation regarding his *pro se* motion. He thereby likely waived his subsequent arguments from the get-go. *Serrano v. Cust. and Border Patrol*, 975 F.3d 488, 502 (5th Cir. 2020), *cert. denied sub nom. Serrano v. U.S. Cust. and Border Protec.*, 209 L.Ed.2d 546 (2021) (holding that party's failure to object to magistrate judge's findings limited appellate court to plain error review as the district court found no clear error in magistrate's recommendation to deny motion to vacate default); *Lehmann v. GE Glob. Ins. Holding Corp.*, 524 F.3d 621, 624 n.4 (5th Cir. 2008) (finding that plaintiff waived challenge to denial of motion to amend by failing to appeal magistrate's order to the district court); *Hill v. Schilling*, 3:07-CV-2020-L, 2016 WL 183635, at *6 (N.D. Tex. Jan. 15, 2016) (Lindsay, J.) (holding that plaintiff's failure to timely object to magistrate judge's order waived his ability to relitigate the issue).

## IV.   CONCLUSION

For the foregoing reasons, Defendant's *59(e) Motion to Alter or Amend*, Doc. 41, should

be **DENIED**.

**SO RECOMMENDED** on October 18, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).